# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| JOCELYN BANKS DOOLEY | CIVIL ACTION NO. 10-1593 |
| VERSUS | JUDGE HICKS |
| WARDEN | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Jocelyn Banks Dooley ("Petitioner"), pursuant to 28 U.S.C. §2254.  This petition was received and filed in this court on October 4, 2010.  Petitioner is incarcerated at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana.  She challenges her state court convictions and sentences.  She names the Warden of the Louisiana Correctional Institute for Women as respondent.

On July 12, 2003, Petitioner was convicted of one count of second degree murder and one count of obstruction of justice in Louisiana's Twenty-Sixth Judicial District Court, Parish of Bossier.  On August 22, 2003, she was sentenced to life imprisonment at hard labor as to the second degree murder conviction and forty (40) years imprisonment as to the obstruction of justice convictions.  The trial judge ordered the sentences to run consecutively to each

other.

In support of this petition, Petitioner alleges (1) she received ineffective assistance of counsel, (2) she was denied her right to a fair trial due to irregularities that occurred in the jury room and the fraternization between the sheriff and the jurors, (3) irregularities regarding the conclusions of the coroner were raised after his death and these irregularities deprived her of a fair trail, (4) the initial and follow-up investigations by law enforcement officers were substandard and unprofessional, (5) the initial investigator had a conflict, (6) prosecutorial misconduct because witnesses committed perjury in exchange for promises and/or favors, (7) the trial court judge should have been recused, (8) the trial court erred when it denied her motion for a continuance, (9) the trial court erred when it failed to exclude prejudicial hearsay remarks, and (10) the evidence was insufficient to prove her second degree murder conviction.

For the reasons that follow, Petitioner is not entitled to the relief requested and her petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. § 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the

latest of four possible dates, as follows[1]:

1.   the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;"

2.   the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;"

3.   the date that "the constitutional right asserted was initially recognized by the Supreme Court," if it is newly recognized and made retroactively applicable; or

4.   the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence."  28 U.S.C. § 2244 (d)(1).

Therefore, in order to determine whether a petitioner has filed a timely application, the court must allow the petitioner one year from the most recent date provided by subsections (1) through (4).

The Court will first determine when Petitioner's conviction and sentence became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on July 12, 2003 and sentenced on August 22, 2003.  The

---

[1]   The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations.  See 28 U.S.C. § 2244(d)(2).

Louisiana Second Circuit Court of Appeal affirmed her convictions and sentences on September 22, 2004.  State v. Dooley, 882 So.2d 731, 38,736-KA, 38,764-KA (La. App. 2 Cir. 9/22/04).  The Supreme Court of Louisiana denied writs of review on February 18, 2005. State v. Dooley, 896 So.2d 30, 2004-K-2645 (La. 2/18/05).  In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired.  Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003).  Therefore, Petitioner's one-year period commenced 90 days after February 18, 2005 on May 19, 2005.

The federal petition currently before the Court was filed in this Court on October 4, 2010.  Since the federal clock began ticking on May 19, 2005 and Petitioner had one full year in which to file her federal petition, Petitioner would have had to file this petition in or before May 19, 2006.  This petition was not filed until October 2010, more than four years too late.

In addition, the untimely post-conviction applications initiated by Petitioner in February 2007 and thereafter do not serve to toll the one-year limitation period, as they were not filed within the one-year period.  See supra footnote 1.  To toll the federal limitation period at all, a petitioner's post-conviction application must be filed within the federal one-year period.  Petitioner did not file the first application for post-conviction relief until February 2007, after the limitation period had already expired in May 2006.  Thus, statutory tolling does not apply in this matter and this case is time barred pursuant to 28 U.S.C. §

2244(d)(1)(A).

Petitioner argues that the federal one-year limitation period should be equitably tolled. She claims that her retained counsel provided her with ineffective assistance of counsel during her post-conviction relief proceedings.  Petitioner claims she retained counsel to file her application for post-conviction relied shortly after the Supreme Court of Louisiana denied her writ of review on direct appeal in February 2005.  Petitioner claims that because of her counsel's incompetency and lack of knowledge regarding the federal limitation period, her application for post-conviction relief was filed after her federal limitation period had expired. Petitioner claims she contacted her attorney several times regarding her concern of the federal limitation period, but received no response.  Petitioner claims that when her attorney finally responded to her concerns regarding the federal limitation period, she assured her that her time had not expired because she had filed the application for post-conviction relief within the State established time frame.  This claim is without merit

The Fifth Circuit Court of Appeal has recognized that the one-year limitation period for filing a habeas corpus petition established in 28 U.S.C. §2244(d)(1) is not a jurisdictional bar and is therefore subject to equitable tolling.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir.1998).  Although equitable tolling is a "discretionary doctrine that turns on the facts and circumstances of a particular case," the Court ordinarily "draw[s] on general principles to guide when equitable tolling is appropriate."  Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).  As a general rule, equitable tolling operates only "in rare and exceptional circumstances" where it is necessary to "preserve[ ] a plaintiff's claims when strict application

of the statute of limitations would be inequitable." <u>Davis</u>, 158 F.3d at 810-11 (citation and internal quotation marks omitted).  Equitable tolling thus applies " 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted).  As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling. <u>Id.</u>

"[I]neffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." <u>United States v. Petty</u>, 530 F.3d 361, 366 (5th Cir.2008). Thus, petitioner's ineffective assistance of counsel claim does not justify equitable tolling.

Furthermore, Petitioner has not presented the kind of extraordinary circumstances that would warrant tolling, and she has not shown that she acted with reasonable diligence. Petitioner could have filed a pro se application for post-conviction relief. It may seem harsh to deny equitable tolling, when a prisoner can usually file only one federal petition, with such serious convictions and lengthy sentences at issue. The Fifth Circuit has not hesitated, however, to reverse a district court that applied equitable tolling in a death penalty case, despite the blame for the untimeliness landing squarely at the feet of defense attorneys and circuitous proceedings in the state courts. <u>Manning v. Epps</u>, 688 F.3d 177 (5th Cir.2012). The Supreme Court also rejected equitable tolling in a death penalty case where the delay was blamed on mental incapacity of the prisoner and a mistake by his counsel in calculating the filing deadline. <u>Lawrence v. Florida</u>, 127 S.Ct. 1079 (2007).  Petitioner has not presented

Page 6 of  8

facts nearly so egregious as found in those cases.

For the foregoing reasons, Petitioner's <u>habeas</u> petition should be dismissed because it is time barred by the one-year limitation period imposed by the AEDPA.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of <u>habeas</u> <u>corpus</u> be **DENIED AND DISMISSED WITH PREJUDICE**, <u>sua</u> <u>sponte</u>, because it is time barred by the one-year limitation period imposed by the AEDPA.  <u>See</u> <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1999).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b).  Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 1st day of May, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE